**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JOSEPH BALDONADO,**

    **Plaintiff,**

v.                                                                                                    No. 21-cv-0785 JCH/SMV

**MANUEL GONZALES,
BERNALILLO COUNTY SHERIFF'S DEPARTMENT,**

    **Defendant.**

## ORDER TO CURE DEFICIENCIES

THIS MATTER is before the Court on Plaintiff's handwritten civil Complaint [Doc. 1], docketed on August 19, 2021. The filing is deficient because Plaintiff failed to prepay the $402 filing fee, or alternatively, file an Application to Proceed in the District Court Without Prepaying Fees and Costs. *See* 28 U.S.C. § 1915(a)(2).

Plaintiff is a pretrial detainee in federal custody at the Cibola County Correctional Center. [Doc. 1] at 4. Plaintiff's filing consists of a handwritten civil complaint alleging that Defendant is part of a government racketeering conspiracy because New Mexico elected officials have failed to post a surety bond with the New Mexico Secretary of State. *Id.* at 1. Plaintiff seeks $20 million in damages, including a RICO escalation penalty, immediate seizure of the Defendant's personal assets, and forfeiture of those assets to Plaintiff. *Id.* at 2–3. He also claims that he seeks forfeiture of all the assets of Defendant's subordinate Deputies, but he is willing to waive that demand if all subordinates resign and Defendant settles this case immediately. *Id.* at 3.

Although Plaintiff does not expressly allege that any of his constitutional rights has been violated, a civil rights complaint under 42 U.S.C. § 1983 would be the exclusive vehicle for

vindication of substantive rights under the Constitution. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (claims against state actors must be brought under 42 U.S.C. § 1983). The filing is not in proper form to assert civil rights claims. In addition, under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the federal filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. Plaintiff has not paid the $402 filing fee or submitted an application to proceed under § 1915.

Plaintiff must cure the deficiencies no later than **September 27, 2021**. All filings must include the case number (21-cv-0785 JCH/SMV). The failure to timely comply with this Order may result in dismissal of this case without further notice.

**IS THEREFORE ORDERED** that, **no later than September 27, 2021**, Plaintiff cure the deficiencies by (1) paying the $402 filing fee or submitting an Application to Proceed in the District Court Without Prepaying Fees and Costs (including the required 6-month inmate account statement) and (2) filing a prisoner civil rights complaint in proper form.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to mail to Plaintiff, together with a copy of this order, (1) two copies of an Application to Proceed in the District Court without Prepaying Fees and Costs under 28 U.S.C. § 1915, with instructions, and (2) a form prisoner civil rights complaint under 42 U.S.C. § 1983, with instructions.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**