IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH BALDONADO,

    Plaintiff,

vs.                                                                                     No. CV 21-00785 JCH/SMV

MANUEL GONZALES,
BERNALILLO COUNTY SHERIFF'S DEPARTMENT,

    Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court under Fed. R. Civ. P. 41(b) on the handwritten civil complaint filed by Plaintiff Joseph Baldonado. The Court will dismiss the complaint without prejudice for failure to comply with Court Orders, failure to comply with statutes and rules, and failure to prosecute this proceeding.

Plaintiff is in federal custody at the Cibola County Correctional Center on pending proceedings to revoke supervised release. (CR 16-00457 WJ). Plaintiff's filing consists of a handwritten civil complaint alleging that Defendant is part of a government racketeering conspiracy because New Mexico elected officials have failed to post a surety bond with the New Mexico Secretary of State. (Doc. 1 at 1). Plaintiff seeks $20 Million in damages including a RICO escalation penalty, immediate seizure of the Defendant's personal assets, and forfeiture of those assets to Plaintiff. (Doc. 1 at 2-3).

Plaintiff did not pay the filing fee or submit an application to proceed under 28 U.S.C. § 1915 at the time he filed this proceeding. On August 24, 2021, the Court entered an Order to Cure Deficiencies, directing Plaintiff to either pay the $402 filing fee for this proceeding or submit an application to proceed under § 1915 within 39 days. (Doc. 2). The Court also supplied Plaintiff

with the form application to proceed and instructions. (Doc. 2 at 2). Plaintiff did submit the form Application to Proceed (Doc. 4) but did not include the required inmate account statement. Instead, Plaintiff filed his Motion to Enter Inmate Account Statement and Request to Discharge. (Doc. 5). Plaintiff's Motion to Enter Inmate Account Statement did not include the account statement required by § 1915 but, instead, recited that "Plaintiff came in detention with $1700 and will not be receiving any more because its all he had." (Doc. 5 at 1). The Motion is not signed by Plaintiff Baldonado. (Doc. 5 at 2).

In addition to not including his account statement, Plaintiff's Motion to Enter Inmate Account also sought to discharge his obligation to pay any filing fee or costs in this case. (Doc. 5 at 1). Plaintiff contended that "paying debts is against public policy" and "the law gives Plaintiff the right to discharge _all_ his debts . . .[t]he U.S. RICO has been robbing the people of their wealth for 88 years. It is time for the bankers to pay the piper." (Doc. 5 at 1, 2). Plaintiff filed his Motion in this and another one of his case, CV 21-00902 MV.

The Court denied Plaintiff's application to proceed (Doc. 4) and Motion to discharge (Doc. 5) on February 16, 2022. (Doc. 6). The Court also ordered Plaintiff to, within 30 days, either pay the full $402 filing fee or show cause why the Court should not dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with 28 U.S.C. §§ 1914, 1915, failure to comply with the Court's Order of August 24, 2021 (Doc. 2), and failure to prosecute this proceeding. (Doc. 6).

More than 30 days have elapsed, and Plaintiff has not responded to or complied with the Court's February 16, 2022 Order. As Plaintiff has been advised, regardless of whether his civil complaint is treated as a RICO Act claim or a civil rights case, it is a civil action and under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. Plaintiff has failed to comply with

the requirements of 28 U.S.C. §§ 1914 and 1915 and has failed to comply with the Court's August 24, 2021, and February 16, 2022 Orders. The Court may dismiss a proceeding under Fed. R. Civ. P. 41(b) for failure to comply with statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with 28 U.S.C. §§ 1914, 1915, failure to comply with the Court's Order of August 24, 2021 (Doc. 2) and Order of February 16, 2022 (Doc. 6), and failure to prosecute this proceeding.

**IT IS ORDERED** that the handwritten civil complaint (Doc. 1) filed by Plaintiff Joseph Baldonado is **DISMISSED without prejudice** under Fed. R. Civ. P. 41(b).

_____
SENIOR UNITED STATES DISTRICT JUDGE